J-S70017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL COLLINS | |
| Appellant | No. 601 EDA 2014 |

Appeal from the Judgment of Sentence February 10, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002420-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 19, 2014**

Appellant, Michael Collins, appeals[1] from the February 10, 2014 aggregate judgment of sentence of three to six years' imprisonment, plus five years' probation, imposed after he was found guilty of one count each of possession with intent to deliver (PWID), intentional possession of a controlled substance, possession of drug paraphernalia, and three counts of criminal conspiracy.[2]  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant's co-defendant, Jonathan DeWilliams, also appeals from his judgment of sentence in this matter.  DeWilliams' appeal is pending before this Court at 705 EDA 2014.

[2] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A. § 903(c), respectively.

The trial court summarized the relevant factual and procedural background of this case as follows.

> [Appellant] was arrested on February 23, 201[3] while driving a vehicle bearing stolen registration plates. [Appellant] had three passengers. All four occupants were removed from the vehicle[,] and three packets of heroin were removed from the area between the driver's seat and the center console. Several "bundles" of heroin and seven loose baggies of heroin were also discovered in the "map pocket" on the back of the front passenger seat. Suboxone and a cut straw were removed from [Appellant]'s person. All of the occupants of the car were arrested and transported to police headquarters. In a holding cell, Charles Williams, the front seat passenger, attempted to flush eleven packets of heroin down the toilet.

Trial Court Opinion, 4/30/14, at 1.

On May 8, 2013, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one count each of driving an unregistered vehicle, operating a motor vehicle without the required financial responsibility, and operating a motor vehicle without a valid inspection.[3] On December 17, 2013, Appellant proceeded to a two-day jury trial, at the conclusion of which the jury found Appellant guilty of one count each of PWID, intentional possession of a controlled substance, possession of drug paraphernalia, and three counts of criminal conspiracy. The motor vehicle code offenses were all withdrawn. On February 10, 2014,

---

[3] 75 Pa.C.S.A. §§ 1301(a), 1786(f), and 4703(a), respectively.

the trial court imposed an aggregate sentence of three to six years' imprisonment, plus five years' probation.[4] Appellant did not file a post-sentence motion. On February 12, 2014, Appellant filed a *pro se* notice of appeal.[5]

On appeal, Appellant raises the following four issues for our review.

(I). Is [Appellant]'s conviction for [PWID] against the weight and sufficiency of the evidence?

(II.) For purposes of sentencing [Appellant], was his prior record score ("PRS") incorrectly calculated?

---

[4] Specifically, the trial court sentenced Appellant to three to six years' imprisonment plus three years' probation for PWID. The trial court further sentenced Appellant to 30 to 60 days' imprisonment for possession of drug paraphernalia, 60 to 120 days' imprisonment for one count of criminal conspiracy, and 21 to 42 months' imprisonment plus two years' probation for the second count of criminal conspiracy. All terms of imprisonment were to run concurrently to each other; however, all probationary terms were to be consecutive to each other, as well as consecutive to the terms of imprisonment.

[5] We have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel. **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007). However, our Supreme Court has held that a *pro se* notice of appeal filed by an appellant while represented by counsel shall be considered merely premature if counsel and the trial court take appropriate actions to perfect the appeal. **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011). Instantly, in our view, counsel's filing of a Rule 1925(b) statement and an advocate's brief on Appellant's behalf effectively perfected this appeal. Accordingly, we have jurisdiction to address the merits of the appeal. We note the trial court filed its Rule 1925(a) opinion on April 30, 2014.

(III). Was [Appellant] denied RRRI at the time of sentencing despite eligibility therefor?

(IV). Was [Appellant] prejudiced by the [trial c]ourt where it conducted the *voir dire* with [Appellant] clothed in a prison jumpsuit (while all co-defendant's [sic] were dressed [in] street clothes) and where the trial [court] knew defense counsel brought said clothing yet declined to expend *de minimis* time in order to permit [Appellant] to change his clothing[?]

Appellant's Brief at 12.

Although Appellant's statement of questions presented asserts his first issue as one of sufficiency and weight of the evidence, we address them separately. We address Appellant's sufficiency claim first, as the remedy for a sufficiency of the evidence claim is complete discharge rather than a new trial. **See generally Commonwealth v. Simpson**, 832 A.2d 496, 500 (Pa. Super. 2003) (citation omitted). Our standard of review regarding challenges to the sufficiency of the Commonwealth's case is well settled. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." **Commonwealth v. Patterson**, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no

probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied*, ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Appellant challenges his conviction for PWID, the statute for which provides, in relevant part, as follows.

### § 780-113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

…

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or

> possessing with intent to deliver, a counterfeit controlled substance.
>
> …

35 P.S. § 780-113(a)(30).

In his first issue on appeal, Appellant avers that the Commonwealth failed to produce sufficient evidence to show, at a minimum, that Appellant was in constructive possession of the controlled substance in question, and that he possessed the intent to deliver the same. Appellant's Brief at 17, 19.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

In the case *sub judice*, the Commonwealth presented the following evidence. Officer Robert McCaughan of the Clifton Heights Police Department testified that he pulled over Appellant and his co-defendants. N.T., 12/17/13, at 102-103. Appellant was driving the vehicle, and was found with a cell phone on his person. ***Id.*** at 103, 111. The police found, within Appellant's immediate reach, three packets of heroin, labeled

"Obama." ***Id.*** at 106, 107-108. In the car, the police found a total of 182 packets of heroin. ***Id.*** at 113. All but four of these packets were labeled "Obama," the other four were labeled "New York." ***Id.*** The Commonwealth also presented Sergeant Michael Boudwin, who was qualified as an expert in the field of drugs and drug paraphernalia. ***Id.*** at 167. Sergeant Boudwin testified that the street value of the heroin found was approximately $1,800.00. ***Id.*** at 171, 177. Sergeant Boudwin also testified that the significance of labeling the packets with the "Obama" stamp was because "[d]ealers stamp their product [as] … [i]t shows purity [and] … [i]t shows consistency with a certain dealer, a certain type of narcotic." ***Id.*** at 107-108.

Based on the above, we conclude the Commonwealth presented sufficient evidence to prove, at a minimum, constructive possession, and that Appellant had the required intent to deliver. As noted above, Appellant was found in a confined space with $1,800.00 worth of heroin that was individually packaged, some of which was within Appellant's immediate reach. The jury was permitted to believe the officers' testimony, and infer that Appellant was a part of a heroin distribution business, as well as that Appellant had the power to exercise dominion and control over the heroin found in the vehicle. ***See, e.g.***, ***Kearney***, ***supra***; ***Commonwealth v. Baker***, 72 A.3d 652, 659 (Pa. Super. 2013) (concluding the Commonwealth presented sufficient evidence of intent to distribute where "15 vials of crack

cocaine and five vials of heroin found on [Baker's] person were located in a black change purse, from which he had just provided the drugs he sold to the undercover state trooper during the last controlled buy[, and where] police also found in the [same] black change purse over $2,300.00 in cash, $620.00 of which was the pre-marked buy money[]") (internal citation omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014); **Hopkins**, **supra**.  Based on these considerations, we conclude the Commonwealth produced sufficient evidence of constructive possession, as well as an intent to deliver.  **See Diamond**, **supra**; **Baker**, **supra**; **Hopkins**, **supra**.  As a result, Appellant is not entitled to relief.

Within his first issue, Appellant indicates he is also raising a claim that the jury's verdict was against the weight of the evidence.  **See** Appellant's Brief at 16 (stating his first argument heading as "[Appellant]'s conviction for [PWID] is against **both** the sufficiency and weight of the evidence[]") (emphasis added).  However, Appellant's argument, as developed in his brief, only addresses his sufficiency claim.  **See id.** at 16-20.  It is axiomatic that sufficiency and weight of the evidence are separate and distinct claims because an argument that the jury's verdict was against the weight of the evidence concedes that the evidence was sufficient to sustain the convictions.  **Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, **Lyons v. Pennsylvania**, 134 S. Ct. 1792 (2014).

This Court will not consider issues where Appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). Appellant was required to develop a separate argument in his brief explaining why the jury's verdict was against the weight of the evidence. ***See id.***; Pa.R.A.P. 2119(a) (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent[]"). As Appellant does not attempt to develop his weight claim in any meaningful way, we deem this argument waived on appeal.[6] ***See McLaurin***, ***supra***.

In his second issue on appeal, Appellant avers that the trial court abused its discretion in sentencing him based on an improperly calculated prior record score. Appellant's Brief at 20. However, Appellant's brief also

---

[6] Even if Appellant had developed his weight argument, we would still deem the issue waived. It is axiomatic that to preserve a weight claim, a defendant must either raise it during sentencing on the record, or in a post sentence motion. ***See generally*** Pa.R.Crim.P. 607(A); ***accord Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014). As noted above, Appellant did not file a post-sentence motion in this case. Furthermore, we have reviewed the sentencing transcript, and at no point did Appellant raise any claim that the verdict was against the weight of the evidence.

"concedes that he has waived [his] right to challenge the discretionary aspects of the sentence imposed." *Id.*

It is firmly established that in order for this Court to entertain a discretionary aspects of sentence issue on appeal, an appellant must, among other requirements, preserve said issue below, by either raising the issue in a post-sentence motion, or during sentencing. *Commonwealth v. Colon*, --- A.3d ---, 2014 WL 5408189, *7 (Pa. Super. 2014) (citation omitted). In this case, Appellant did not file a post-sentence motion. Additionally, we have reviewed the sentencing transcript, and at no point did Appellant raise any claim pertaining to the discretionary aspects of his sentence. Therefore, we agree with the trial court that this issue is waived. *See id.*; Trial Court Opinion, 4/30/14, at 8.

In his third issue, Appellant avers that the trial court imposed an illegal sentence when it deemed him ineligible for a Recidivism Risk Reduction Incentive Act (RRRI) minimum sentence.[7] Appellant's Brief at 20. Among its requirements, the RRRI statute states an eligible defendant is one who "[d]oes not demonstrate a history of present or past violent behavior[.]" 61 Pa.C.S.A. § 4503. The trial court deemed Appellant ineligible because of his prior conviction for robbery as a first-degree felony, which in the trial court's

---

[7] We note that a failure to impose an RRRI minimum sentence on an eligible defendant implicates the legality of the sentence, which renders the issue non-waivable. *Commonwealth v. Tobin*, 89 A.3d 663, 669-670 (Pa. Super. 2014) (citations omitted).

view "has been included in a class of offenses that have been designated 'crimes of violence' because it poses a risk of violence, or injury, to another person." Trial Court Opinion, 4/30/14, at 9 (citation omitted).

In his brief, Appellant asks this Court to hold this case in abeyance pending the outcome of *Commonwealth v. Chester*, 74 A.3d 116 (Pa. 2013), where our Supreme Court granted the defendant's petition for allowance of appeal to decide "[w]hether a prior conviction of a felony one burglary, which is not included as a disqualifier in the definition of 'eligible offender' may nevertheless amount to 'a history of present or past violent behavior' such as to exclude a defendant from RRRI [Act] eligibility?" *Id.* at 117. On September 24, 2014, our Supreme Court issued its opinion in *Chester*, concluding that a prior conviction for burglary as a first-degree felony is "violent behavior" for the purposes of Section 4503. *Commonwealth v. Chester*, 101 A.3d 56, 65 (Pa. 2014). We recognize that Chester had three first-degree burglary convictions, and Appellant only has one. *See id.* We further acknowledge that our Supreme Court declined to consider whether one first-degree burglary conviction was a "history" of violent behavior for the purpose of determining RRRI eligibility. Appellant's only argument is for this Court to await our Supreme Court's decision in *Chester*. Appellant's Brief at 20. As *Chester* has been decided, Appellant is not entitled to relief.

In his fourth issue, Appellant argues that the trial court erred when it permitted Appellant to appear for *voir dire* in prisoner's clothing, while others were dressed in formal suits and ties. Appellant's Brief at 20. The Commonwealth counters that Appellant waived this claim by not objecting on the record during *voir dire*. Commonwealth's Brief at 15.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has repeatedly emphasized the importance of issue preservation.

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, the Commonwealth avers that Appellant's issue on appeal is waived as "neither [Appellant] nor his attorney addressed the [trial] court regarding [Appellant]'s clothing." Commonwealth's Brief at 16. The trial court concluded that Appellant had waived this issue on this basis as well. Trial Court Opinion, 4/30/14, at 9-10. We have reviewed the transcript of *voir dire*, and we agree with both the Commonwealth and the trial court that the record is devoid of any reference to Appellant's clothing during *voir dire*. Furthermore, Appellant did not make any objection, nor did Appellant move for a mistrial. Appellant's brief cites to an off-the-record discussion on page 11 of the transcript. Appellant's Brief at 21. While there is an indication on page 11 that a discussion was held off the record, there is no indication of the subject of said discussion. **See** N.T., 12/17/13, at 11. In addition, as we have already noted, once back on the record, no objection to or mention of Appellant's attire was made. Appellant's Brief acknowledges that "there [is] nothing in the record to suggest that [Appellant] was forced to wear prison clothing[.]" Appellant's Brief at 21. Based on these considerations, we conclude Appellant has waived his fourth issue on appeal, for failure to object during the proceedings in the trial court.[8] **See In re F.C. III**; **Miller**, **supra**.

---

[8] The Commonwealth has filed a motion to strike Appellant's brief based on his inclusion of this argument on appeal. However, based on our disposition of this issue, the Commonwealth's motion to strike is denied as moot.

Based on the foregoing, we conclude all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the trial court's February 10, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed. Motion to strike denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014