**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Brian SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 12, 2003.

Filed Sept. 8, 2003.

----

David H. Acker, New Castle, for appellant.

Before: MUSMANNO, LALLY-GREEN, and TAMILIA, JJ.

LALLY-GREEN, J.

¶ 1 Appellant, Brian Simpson, appeals from the judgment of sentence entered on April 9, 2002, following his conviction for the summary offense of Cruelty to Animals. We reverse the judgment of sentence and order Appellant discharged.

¶ 2 The trial court set forth the procedural history of the case as follows:

Defendant Brian Simpson was cited for violating 18 Pa.C.S.A. § 5511(c), Cruelty to Animals, on September 1, 2001, by Cindy Mittica, the Humane Police Officer for the Lawrence County Humane Society. The citation was issued based on the unsanitary conditions and neglect of three adult dogs. After a hearing before District Justice J.V. Lamb, Defendant was found guilty of violating the summary offense of Cruelty to Animals and fined $139.50.

Defendant filed a timely appeal to this Court from the summary conviction. After a *de novo* hearing, the Court found the Defendant guilty beyond a reasonable doubt in violation of 18 Pa.C.S.A. § 5511(c), sentenced the Defendant to pay the fine of $50.00 and costs of $127.35, and entered its April 9, 2002 Order accordingly.

Trial Court Opinion, 8/8/02, at 1–2.

¶ 3 The trial court found Appellant guilty of cruelty to animals based on the following facts:

Here, the testimony of the Lawrence County Humane Officers revealed that they visited the Defendant's premises and viewed animals on two separate occasions and found the animals were kept in a building that was poorly ventilated, with floors in the rooms where the animals were kept covered in animal feces and urine. The testimony also showed that the combination of poor ventilation and feces and urine on the floors caused a stench in the building, especially where the animals were kept, that was overwhelming and highly irritated their eyes. In addition, the officers testified that the paws on the animals were wet from walking through their own feces and urine. Although there was testimony from a veterinarian called by the Defendant as a witness that, when he

went to Defendant's property to vaccinate and care for the animals, the areas were clean and the animals appeared to be well cared for, the veterinarian was at the Defendant's property after the Defendant has been cited and was not present to observe the conditions that existed prior to and which prompted the issuance of the citation.

Based on the evidence presented and applicable law, the Court had sufficient basis to find beyond a reasonable doubt that the Defendant had violated 18 Pa. C.S.A. § 5511(c), Cruelty to Animals, for neglecting the animals and keeping the animals under unsanitary conditions with poor ventilation.

Trial Court Opinion, 8/8/02, at 4–6. This appeal followed.

¶ 4 For purposes of the instant appeal, it is critical to note that the court found Appellant guilty of only one type of misconduct under the statute: namely, "neglect." The court reasoned as follows: "obviously this is not a case where the Defendant has wantonly or cruelly ill treated, overloaded, beat, or otherwise abused any animal, nor is there any evidence of any abandonment or deprivation of the necessary sustenance, drink, shelter or veterinary care." N.T., 4/1/02, at 101–02. The court also concluded that Appellant could not be convicted of cruelty to animals based on deprivation of clean and sanitary shelter. *Id.* at 102. Based on the evidence presented, the court concluded: "[T]he Court finds that there is sufficient evidence to show that the Defendant neglected these animals beyond a reasonable doubt." *Id.* at 104–05.

¶ 5 It is also important to note that the court did not find that Appellant acted wantonly or cruelly. According to the trial court:

... A person commits [a] summary offense if he neglects any animal as to which he has a duty of care. That's the way the Court reads it. Not that if he wantly [sic] or cruelly neglects any animal, but where he neglects any animal which he has a duty to care, and it seems to me that whether Mr. Simpson intentionally or negligently neglected the animal is of no moment.

*Id.* at 105. Thus, it would appear that the court found Appellant guilty of neglect based on some mental state which was less culpable than "wanton or cruel."

¶ 6 Appellant raises two issues on appeal:

1. Is it necessary for a Court to find that the actions of a defendant were wanton or cruel in order to convict one of the offense of Cruelty to Animals 18 P.S. 5511(c)?

2. Is the evidence sufficient to find a Defendant guilty of Cruelty to Animals (18 P.S. 5511(c)) when the Court finds that the animals were not ill treated, have adequate food, water, and shelter and are healthy and free of injury, disease or parasites and the evidence shows only the accumulations of one day of animal waste in the area where the dogs are kept?

Appellant's Brief at 5.

¶ 7 Our standard of review in this case, where the court has heard the case *de novo,* is limited to a determination of whether the trial court committed an error of law or abuse of discretion, and whether the findings of the trial court are supported by competent evidence. *Commonwealth v. Askins,* 761 A.2d 601, 603 (Pa.Super.2000), *appeal dismissed,* 566 Pa. 538, 782 A.2d 508 (2001).

¶ 8 First, Appellant argues that the statute requires a finding of "wanton or cruel" conduct in order to support a conviction of Cruelty to Animals under 18 Pa.C.S.A. § 5511(c). When the language

of a statute is clear and unambiguous, it is not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa. C.S.A. § 1921(b). The plain words of a statute cannot be disregarded where the language is free and clear from all ambiguities. *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (1996). Furthermore, "words and phrases shall be construed according to the rules of grammar and according to their common and approved usage." 1 Pa.C.S.A. § 1903(a). It is only when a statute is unclear that we may embark upon the task of ascertaining the intent of the Legislature by reviewing the necessity of the act, the objective to be obtained, the circumstances under which it was enacted and the mischief to be remedied. *Id.*

¶ 9 The summary offense of Cruelty to Animals is defined as follows:

> **(c) Cruelty to animals.**—A person commits a summary offense if he wantonly or cruelly illtreats, overloads, beats, otherwise abuses any animal, or neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter or veterinary care, or access to clean and sanitary shelter which will protect the animal against inclement weather and preserve the animal's body heat and keep it dry. This subsection shall not apply to activi-

ty undertaken in normal agriculture operation.

18 Pa.C.S.A. § 5511(c).

¶ 10 Section 5511(c) is generally difficult to parse because it consists of a long string of similar phrases, connected by the word "or." Moreover, our case law has not yet clearly set forth the required mental state for violations of § 5511(c). *See, Askins,* 761 A.2d at 605 (Lally–Green, J., dissenting).[1]

¶ 11 Our task is to glean the legislative intent respecting the requisite intent applicable to the type of misconduct of which Appellant was found guilty: namely, neglect. The portion of the statute containing the word "neglect" is as follows:

> A person commits a summary offense if he **wantonly or cruelly illtreats, overloads, beats,** otherwise **abuses** any animal, **or neglects** any animal as to which he has a duty of care, whether belonging to himself or otherwise[...]

18 Pa.C.S.A. § 5511(c) (emphasis added). Applying ordinary rules of grammar, the adverbs "wantonly or cruelly" modify all of the verbs which immediately follow in the series: "illtreats, overloads, beats, abuses, or neglects." *See, Commonwealth v. Packer,* 568 Pa. 481, 798 A.2d 192, 198 (2002) (courts should apply qualifying words or phrases to the words immediately adjacent to them).[2]

¶ 12 We are further aided in our construction of Section 5511(c) by analyzing

---

1. In *Askins,* this Court held that the defendant was guilty of cruelty to animals for restraining a dog for at least seven hours on a porch with a leash which was too short to allow the dog to safely reach its food and water. *Askins,* 761 A.2d at 604 n. 2. We note that the majority opinion in *Askins* did not identify the particular aspect of § 5511(c) that the defendant violated, and did not set forth the requisite mental state for that aspect of the statute.

2. As noted further *infra,* it is less clear whether the modifying words "wantonly or cruelly" apply to **all** types of misconduct identified in the statute. *See, Packer,* 798 A.2d at 198 ("[q]ualifying words do not extend to or include other words, phrases, or clauses more remote, unless such extension or inclusion is clearly required by the intent or meaning of the context or disclosed by an examination of the entire act") (citations omitted). We need not decide this issue, however.

the prior cruelty to animals statute: the Act of March 29, 1869, P.L. 22. This statute provided: "That any person who shall, within this commonwealth, wantonly or cruelly ill-treat, overload, beat, **or** otherwise abuse any animal, whether belonging to himself or otherwise, ... shall be deemed guilty of a misdemeanor." *Id.* (emphasis added).

¶ 13 The current law, Section 5511(c), added neglect to the list of convictable acts and made the crime a summary offense rather than a misdemeanor.[3] Thus, the current law provides: "A person commits a summary offense if he wantonly or cruelly illtreats, overloads, beats, otherwise abuses any animal, **or** neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise..." 18 Pa.C.S.A. § 5511(c) (emphasis added).

¶ 14 The Act of March 29, 1869 included the word "or" between "beat" and "otherwise abuse." Section 5511 **removed** the word "or" between "beats" and "otherwise abuses," and **inserted** it between "otherwise abuses any animal" and "neglects." Thus, it is apparent from the modification that the Legislature intended neglect to be added to the list of acts to which the "wanton and cruel" standard applies.

¶ 15 Under the prior statute, the Commonwealth was required to prove that a defendant acted "wantonly or cruelly" in order to convict a person of cruelty to animals based on abusing the animal. *Commonwealth v. Lewis,* 140 Pa. 261, 21 A. 396 (1891). It logically follows that under § 5511, a conviction based on "ne-

glect," which occupies the same grammatical position in the sentence as "abuse" did in the Act of March 29, 1869, would also require proof that the defendant acted wantonly or cruelly.

■■■ ¶ 16 The trial court concluded that a defendant may be found guilty of cruelty of animals based on neglect without any finding of wanton or cruel behavior. We disagree. The plain language of the statute, and an analysis of the prior statute, reveal that the Legislature intended that the Commonwealth must prove that a defendant acted wantonly and cruelly to be convicted of cruelty to animals based on neglect. The trial court determined that Appellant's actions were not wanton or cruel. Because this mental state is required for "neglect," we hold that the trial court found Appellant guilty based on insufficient· evidence of an essential element of the crime. Accordingly, Appellant is entitled to discharge. *See, Commonwealth v. Yanoff,* 456 Pa.Super. 222, 690 A.2d 260, 263 (1997) (where the evidence is insufficient to support a conviction, the proper remedy is discharge), *appeal denied,* 548 Pa. 681, 699 A.2d 735 (1997).

¶ 17 As a result of our disposition, we need not address Appellant's second issue on appeal. We also need not define "wanton and cruel," or set forth the type of conduct which would be considered wanton and cruel, because in this case the court found that Appellant did **not** act wantonly or cruelly.[4] Finally, we need not decide

---

**3.** We note that Section 5511 also adds abandonment and deprivation to the list of convictable offenses. As noted *infra,* Appellant was not convicted of abandonment or deprivation; thus, we need not discuss what level of culpability, if any, applies to these sections of the statute.

**4.** We do note that the definitions of wanton and cruel within the meaning of Section 5511(c) should be construed according to their "common and approved usage." 1 Pa. C.S.A. § 1903(a). *Black's Law Dictionary* (7th Ed.1999) defines "cruelty" as "the intentional and malicious infliction of mental or physical suffering on a living creature, esp. a human." *Id.* at 384. "Wanton" is defined as

the more difficult question of whether the "wanton and cruel" standard applies to the remaining types of conduct in the statute.[5]

¶ 18 Judgment of sentence reversed. Appellant is ordered discharged. Jurisdiction relinquished.

"unreasonably or maliciously risking harm while being utterly indifferent to the consequences." *Id.* at 1576. Wantonness may be properly understood to be recklessness with utter indifference to the resulting consequences. *Id.; see also, Commonwealth v. Devenney*, 103 Pa.Super. 83, 156 A. 809 (1931) (a defendant acted "wantonly," within the meaning of the Act of March 29, 1869, if "the acts complained of were cruel and were done recklessly and without regard to consequences").

5. While the issues in the instant case can be resolved, we note that, as a whole, Section 5511(c) is not a model of clarity. We urge the Legislature to review Section 5511(c), and amend it if necessary.