J-S69042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WANDA LEVAN | |
| Appellant | No. 992 EDA 2014 |

Appeal from the Order entered March 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013964-2013

BEFORE:  GANTMAN, P.J. , FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:              **FILED JANUARY 12, 2015**

Appellant Wanda Levan appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which dismissed Appellant's appeal from the municipal court for failure to appear for a trial *de novo*.  Upon review, we affirm.

The facts and procedural history underlying this appeal are undisputed:

> On October 22, 2013, the Municipal Court of Philadelphia heard the [Commonwealth] in its case against [Appellant] on the charge of knowingly and intentionally possessing a controlled substance ("KIP").  [The municipal court] adjudicated [Appellant] guilty, and imposed a sentence of nine months' probation.  [Appellant] then filed a timely [n]otice of [a]ppeal for a trial *de novo* before [the trial court]. . . .
>
> On December 12, 2013, [Appellant] appeared before [the trial court] for her [f]ormal [a]rraignment.  On that date, [the trial court] issued a subpoena instructing [Appellant] to return to [the trial court] for trial on March 5, 2014 at 9:00 a.m.  On March 5, [2014, Appellant] appeared in the courtroom at approximately 9:00 a.m., but shortly thereafter, she departed without permission from any court officer.  When [the court

crier] indicated that [the trial court] was prepared to hear [Appellant's] case and called [Appellant's] case number, [Appellant] was not present in the courtroom. The [c]ourt [c]rier searched for [Appellant] in the hallway outside of the courtroom, but [the crier's] efforts yielded no fruit. Determining that [Appellant's] absence constituted a failure to appear for the trial *de novo*, [the trial court] dismissed the appeal and entered judgment in accordance with the [m]unicipal [c]ourt judgment.

Two hours later, [Appellant] returned to the courtroom. Seeking reconsideration of the dismissal, defense counsel requested a sidebar conversation off the record. During that conversation, defense counsel informed [the trial court] that [Appellant] had left the courtroom to defecate, with he described as a "medical emergency." Having determined this explanation to be incredible, [the trial court] upheld the dismissal and sentence.

[The trial court] dismissed [Appellant's] appeal pursuant to Pennsylvania Rule of Criminal Procedure 1010(B), adjudicated [Appellant] guilty and reinstated the [m]unicipal [c]ourt sentence of nine months' probation. [Appellant] filed a timely [n]otice of [a]ppeal and a timely [s]tatement of [e]rrors in accordance with [Pa.R.A.P. 1925(b)].

Trial Court Opinion, 5/19/14, at 1-2. Following Appellant's filing of a Rule 1925(b) statement, the trial court issued a Pa.R.A.P. 1925(a) opinion, wherein the court concluded it properly dismissed Appellant's appeal for trial *de novo* under Rule 1010(B), relating to procedures for trials *de novo*, because Appellant's "prolonged absence from the courtroom" to relieve herself was insufficient to establish good cause. Trial Court Opinion, 5/19/14, at 3.

On appeal, Appellant essentially raises a single issue for our review:

Did not the [trial] court err in dismissing Appellant's *de novo* appeal pursuant to Pa.R.Crim.P. 1010(B), where Appellant, who appeared in the court on the day of trial but left the courtroom for medical reasons and subsequently returned, did not "fail to appear" within the meaning of the Rule, and was not "absent without cause?"

Appellant's Brief at 3.[1]  Specifically, Appellant argues that she "did not disobey the stricture of the Rule [1010(B)]," but to the extent the trial court reached a contrary conclusion, her failure to follow Rule 1010(B) was a result "of a medical emergency."  *Id.* at 10.  In support of her argument that she had good cause for her absence, Appellant points out that prior to leaving the courtroom, she attempted "several times to notify the court, and obtain permission, through a court officer, of her need to" relieve herself.[2] *Id.*

_____

[1] To the extent Appellant argues the trial court's refusal to reinstate her appeal for trial *de novo* deprived her of her constitutional right of due process and trial by jury, or that the trial court should have held a trial *de novo in absentia*, we decline to address such arguments on the basis of waiver.  Our review of the entire record indicates Appellant did not raise these arguments in the trial court.  It is well-established law that issues not raised below, even those of constitutional nature, are waived.  *See Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (finding the appellant's arguments that Megan's Law IV violates the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions waived as a result of his failure to raise them before the trial court); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Instantly, Appellant raised the arguments for the first time in her Rule 1925(b) statement.  Claims raised for the first time in a Rule 1925(b) statement are waived.  *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*) (where issue was raised for first time in Rule 1925(b) statement, Superior Court refused to address it even though trial court did so as a matter of leniency).

[2] Insofar as Appellant challenges the trial court's credibility determinations, we must reject such a challenge.  It is settled that, as a reviewing court, we are bound by the trial court's weight of the evidence and credibility determinations.  *See Commonwealth v. Sanchez*, 907 A.2d 477, 491 (Pa. 2006) (noting where the trial court functions as fact-finder, "appellate courts
*(Footnote Continued Next Page)*

Our standard of review is limited to whether the trial court abused its discretion or committed an error of law and whether the findings of the trial court are supported by competent evidence. ***See Commonwealth v. Askins***, 761 A.2d 601, 603 (Pa. Super. 2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. ***Id.*** "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Commonwealth v. Diamond***, 945 A.2d 252, 258 (Pa. Super. 2008) (citation omitted).

Rule 1010(B) is located in Chapter 10 of the Pennsylvania Rules of Criminal Procedure, which governs all proceedings in the Philadelphia Municipal Courts. ***See*** Pa.R.Crim.P. 1000, cmt. Rule 1010(B) provides: "[i]f the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge."[3] Pa.R.Crim.P. 1010(B). The Comment to Rule 1010(B) explains,

*(Footnote Continued)* ———————————

generally do not substitute their judgments for those of a fact-finder in matters of credibility"), ***cert. denied***, 551 U.S. 1106 (2007).

[3] Pa.R.Crim.P. 462(D), relating to trials *de novo*, is the statewide (in all counties outside of Philadelphia) equivalent of Rule 1010(B) and as such, we apply Rule 462(D) jurisprudence to address the matter *sub judice*. Rule 462(D) provides: "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

"[p]aragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent without cause from the trial *de novo*." **Id.**, cmt. Thus, before an appeal for trial *de novo* may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had good cause for his absence. **See Commonwealth v. Akinsanmi**, 55 A.3d 539, 540-41 (Pa. Super. 2012) (noting "[w]hen a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. Conversely, when good cause for the absence is shown, a new trial should be granted.") (citations omitted).

Instantly, we agree with the trial court's conclusion that Appellant failed to appear for her trial *de novo* under the plain meaning of Rule 1010(B) because she was not present in the courtroom when her case was called. Thus, we must resolve only the question of whether Appellant had good cause for her absence. The record reveals that, prior to dismissing the appeal, the trial court granted Appellant an opportunity to explain why she failed to be present at her trial *de novo*. In this regard, counsel for Appellant explained to the court: "[Appellant] was present this morning. She had a medical emergency. She left, she tried to get my attention, she tried to get the [c]ourt's attention and what happened is what happened. She is here." N.T., 3/5/14, at 7.

Responding to Appellant's counsel's explanation, the trial court, stated:

> [Appellant] failed to appear for a period of two hours. The stated excuse for that failure to appear is that she needed to leave to take care of her relieving herself. *It doesn't take two hours to do that*.
>
> . . . .
>
> [Defendants] are required to appear when [their] case is called. The fact that [Appellant] appeared earlier in the day, and then left, and then came back, there is still a failure to appear under the English definition of failure to appear.

*Id.* at 7-8 (emphasis added). Given the record in this case, we agree with the trial court's decision to dismiss Appellant's appeal for trial *de novo*. Particularly with respect to the issue of good cause, the trial court found Appellant's "use of the restroom did not justify her prolonged absence from the courtroom." Trial Court Opinion, 5/19/14, at 3. The trial court also found:

> [Appellant] was aware of her trial date: she arrived at the courtroom on the morning of her trial. Nevertheless, she departed from the courtroom without permission and did not return for approximately two hours. . . .
>
> When [Appellant] returned, the [trial court] honored her attorney's request to discuss [Appellant's] truancy off the record. After entertaining defense counsel's explanation for the absence and finding it to be unsatisfactory, [the trial court] found that [Appellant] had failed to appear within the meaning of Rule 1010(B).

*Id.* at 4. Accordingly, the trial court did not abuse its discretion in dismissing Appellant's appeal because Appellant failed to demonstrate good cause for her absence at her trial *de novo*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2015