J-A30013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY LEWIS | |
| Appellant | No. 2003 EDA 2013 |

Appeal from the Order June 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014550-2012

BEFORE: MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 28, 2015**

Appellant, Anthony Lewis, appeals from the June 25, 2013 order dismissing his appeal for a trial *de novo* and reinstating his judgment of sentence of eighteen months' probation, imposed by the Municipal Court of Philadelphia. After careful review, we affirm.

The trial court has summarized the relevant procedural background of this case as follows.

> On September 10, 2012, [Appellant] was found guilty by Philadelphia Municipal Court … of resisting arrest, disorderly conduct and harassment.[1] [Appellant] was sentenced on December 4, 2012 to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5104, 5503(a)(1), and 2709(a)(1), respectively.

eighteen (18) months['] probation for resisting arrest and twelve months['] [concurrent] probation for disorderly conduct. No further penalty was imposed for harassment.

[A n]otice of [a]ppeal to the Philadelphia Court of Common Pleas was filed on December 4, 2012.[2] [Appellant] received a subpoena to appear in court on June 24, 2013 for his trial *de novo*, but [Appellant] failed to appear on that date. [Appellant] came to court the next day and claimed he did not know he was supposed to be in the court on June 24, 2013 despite having been given a subpoena for that date at the last listing of the case. He stated that he worked from 5:00 a.m. to 7:00 a.m. on June 24, 2013 and then he went back home.

After hearing [Appellant]'s testimony, this court dismissed the appeal and ordered that the judgment of sentence from the Municipal Court be reinstated.

Trial Court Opinion, 1/16/15, at 1-2.

On July 17, 2013, Appellant filed his timely notice of appeal.[3] On appeal, Appellant raises the following issue for our consideration.

Did not the [trial] court violate [Appellant]'s constitutional right to a jury trial in dismissing

---

[2] Chapter 10 of Pennsylvania Rules of Criminal Procedure governs the procedure for cases heard in Philadelphia Municipal Courts. **See** Pa.R.Crim.P. 1000-1013. Rule 1001 provides, "[a] Municipal Court case is any case in which the only offense or offenses charged are misdemeanors … for which no prison term may be imposed or which is punishable by a term of imprisonment not more than 5 years …." **Id.** at 1001(A). Following conviction in Municipal Court, a defendant has the right to appeal for a trial *de novo* in Philadelphia Court of Common Pleas. **Id.** at 1006(1)(a).

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

[Appellant]'s trial *de novo* and reinstating his Municipal Court conviction and judgment of sentence, insofar as [Appellant] had never waived his right to a jury trial for those offenses, and in fact had demanded a jury trial?

Appellant's Brief at 3.

Our standard of review is whether the trial court abused its discretion or committed an error of law and whether competent evidence supports the trial court's findings. *See Commonwealth v. Askins*, 761 A.2d 601, 603 (Pa. Super. 2000), *appeal dismissed as improvidently granted*, 782 A.2d 508 (Pa. 2001). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa. Super. 2015) (citations omitted), *appeal denied*, 124 A.3d 308 (Pa. 2015).

Appellant argues that it was error for the trial court to dismiss Appellant's case and reinstate his Municipal Court convictions. *See* Appellant's Brief at 8-15. Appellant contends that he demanded a jury trial and "[m]erely failing to appear for court on one day does not waive or forfeit that right[.]" *Id.* at 9. For the reasons that follow, we disagree.

Instantly, the following relevant facts are undisputed by the parties. Appellant was convicted of the aforementioned crimes in Municipal Court, and he thereafter sought a trial *de novo*. Appellant's Brief at 4; Commonwealth's Brief at 2. A trial date was scheduled for June 24, 2013,

and Appellant failed to appear to court on that day. Appellant's Brief at 4; Commonwealth's Brief at 2. On June 25, 2013, Appellant was present in court and "candidly confessed that he had forgotten about the court date." Appellant's Brief at 4; *see* Commonwealth's Brief at 2. The trial court then dismissed the case pursuant to Rule 1010(B). Appellant's Brief at 5; Commonwealth's Brief at 3. Rule 1010(B) provides as follows.

### Rule 1010. Procedures for Trial *De Novo*

…

(B) If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court.

…

Pa.R.Crim.P. 1010(B). The comment to Rule 1010(B) clarifies, "the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent **without cause** from the trial *de novo*." *Id.* at cmt. (emphasis added).

In the case before us, the trial court inquired as to Appellant's absence when he appeared the day following his trial date. N.T., 6/25/13, at 2. Appellant initially told the trial court, "I didn't even know [that I was supposed to be in court]." *Id.* The trial court then asked if Appellant received a subpoena from the last listing of the case, to which Appellant responded, "[y]es, but I went to work …." *Id.* Appellant explained he left

work at 7:00 a.m. the morning of his scheduled trial, and "[t]hen I went back home." *Id.* The trial court then dismissed his appeal, "based on the fact that [Appellant] didn't show up [on June 24, 2013.]" *Id.* at 3.

Instantly, the record amply supports the trial court's findings that Appellant was absent from his trial *de novo* without good cause, and we discern no abuse of discretion or error of law. **See Askins**, **supra**. While Appellant now attempts to raise the constitutionality of the trial court's dismissal, the record is devoid of an objection on this or any basis at the time of the trial court's action. **See** N.T., 6/25/13, at 1-5. Accordingly, Appellant has waived this argument. **See** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); **Commonwealth v. Miller**, 80 A.3d 806, 811 (Pa. Super. 2013) (finding that Appellant's constitutional challenges were waived for failure to raise them before the trial court).

Based on the foregoing discussion, we conclude Appellant is not entitled to relief on his sole issue, and we affirm the trial court's June 25, 2013 order reinstating Appellant's September 10, 2012 judgment of sentence.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2015