J-A13033-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES R. SHERBAUGH, | : | |
| | : | |
| Appellant | : | No. 1511 WDA 2017 |

Appeal from the Judgment of Sentence September 28, 2017
in the Court of Common Pleas of Armstrong County,
Criminal Division at No(s):  CP-03-SA-0000044-2017

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED AUGUST 30, 2018

James R. Sherbaugh ("Sherbaugh") appeals from the judgment of sentence entered following his conviction of the summary offense of failing to register a vacant building.  See Apollo Borough Ordinance No. 272-16, Article 4(a) (the "Ordinance").  We affirm.

The trial court set forth the relevant underlying facts as follows:

> [Sherbaugh] lives in Blairsville with his wife.  He and his wife are co-owners of a house located at 622 North Second Street in Apollo Borough (hereinafter referred to as 622).  Neither [Sherbaugh] nor his wife have ever resided there.  Sometime prior to April 2016, [Sherbaugh's] son lived there for a time without paying rent.  Otherwise, no one has lived there on a day-in[,] day-out basis.

> * * *

> [On April 20, 2017, Sherbaugh] was charged with a violation of Apollo Borough Ordinance 272-16, more specifically, Article 4(a) thereof entitled Registration, which reads as follows:

An owner shall register a vacant or abandoned property with the Borough Manager or designee, on a form or forms provided by the Borough and pay the appropriate registration fee.[FN]

The definition of a vacant building is found in Article 2 of the Ordinance pertaining to definitions, which reads as follows:

Vacant building: a property or structure, or portion thereof, that is unoccupied for more than sixty (60) days or has been the subject of (i) a mortgage foreclosure action or notice; (ii) a bankruptcy sale or notice; (iii) a delinquent tax sale or notice, or (iv) a mortgage foreclosure action where the title to the property has been retained by the beneficiary of a deed or trust involved in the foreclosure or transferred under a deed in lieu of foreclosure/sale.

The term vacant is also defined by the Ordinance. The definition reads as follows:

Vacant: a building or structure, or portion thereof, shall be deemed to be vacant if no person or persons [currently] conducts a lawfully licensed business there, or lawfully resides in or lives in any part of the building as the legal or equitable owner(s) or tenant occupant[(s)] [] or owner-occupants or tenant(s), on a permanent non-transient basis.

* * *

In the [police] citation, the Borough has accused [Sherbaugh] of failing to register 622 as a vacant property with the borough manager, as required by Article 4 of the Ordinance.

_____

[FN] Article 4(e) requires the registration to be made within 180 days of [the] date that the property becomes vacant.

Trial Court Memorandum, 9/28/17, at 1-2 (emphasis omitted, footnote in original, paragraphs reordered).

On June 13, 2017, Sherbaugh was found guilty of violating the Ordinance by a magisterial district judge, and ordered to pay a fine of $500.00. Sherbaugh appealed the decision to the Armstrong County Court of Common Pleas. Following a bench trial, the trial court found Sherbaugh guilty of violating the Ordinance. Sherbaugh filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Sherbaugh raises the following claims for our review:

1) Whether the trial court's finding of guilty was against the weight of the evidence?

2) Whether the provision of the [O]rdinance under which [Sherbaugh] was found guilty was an improper mandatory, conclusive presumption[?]

3) Whether the [O]rdinance was unreasonably vague in that it did not contain a definition of the material term "vacant[?]"

4) Whether the trial court erred in failing to construe the undefined material term "vacant" in the [O]rdinance in favor of [Sherbaugh], pursuant to the rule of lenity[?]

Brief for Appellant at 14.

"Our standard of review from an appeal of a summary conviction heard de novo by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." Commonwealth v. Marizzaldi, 814 A.2d 249, 251 (Pa. Super. 2002). "[W]e may not disturb the credibility determinations of the trial court on review. Thus, we must solely limit our review to a

- 3 -

consideration of the elements of the statute and the evidence presented." Commonwealth v. Askins, 761 A.2d 601, 603 (Pa. Super. 2000).

In his first claim, Sherbaugh alleges that the trial court's finding was against the weight of the evidence presented at trial. See Brief for Appellant at 21-25. Sherbaugh argues that the evidence at trial demonstrated that the property was not vacant, because he used the property frequently, maintained utilities there, and kept the property in a habitable condition. Id. at 21. Sherbaugh asserts that the trial court improperly framed the issue as whether he lawfully resided at the property "on a permanent non-transient basis," instead of the proper question, i.e., whether the property was "vacant." Id. at 23-24; see also id. at 22.

In summary appeals, the Pennsylvania Rules of Criminal Procedure prohibit the filing of post-sentence motions. See Pa.R.Crim.P. 720(D) (stating that "[t]here shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas."). However, Pa.R.Crim.P. 720(D) does not relieve Sherbaugh of his duty to preserve a weight of the evidence claim through an oral or written motion prior to sentencing. See Commonwealth v. Dougherty, 679 A.2d 779, 784 n.3 (Pa. Super. 1996) (stating that "[the predecessor to Pa.R.Crim.P. 720(D)] ... dispensed with the need to file a post-sentence motion in summary case appeals following a trial de novo. However, this alteration ... has not eliminated the duty to preserve issues by raising them in the trial court before

or during trial."); see also Pa.R.Crim.P. 607(A). Because Sherbaugh has not raised this claim prior to sentencing, it is waived on appeal.[1]

In his second claim, Sherbaugh alleges that the trial court improperly construed the language in the Ordinance, "shall be deemed," as a conclusive presumption. See Brief for Appellant at 25, 28-29. Sherbaugh argues that the trial court should have construed this language as a non-conclusive presumption, and in turn, found that Sherbaugh had rebutted this presumption with his testimony of his use of the property. See id.

"Like statutes, the primary objective of interpreting ordinances is to determine the intent of the legislative body that enacted the ordinance. Where the words in an ordinance are free from all ambiguity, the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit." Bailey v. Zoning Bd. of Adjustment of City of Phila., 801 A.2d 492, 502 (Pa. 2002) (citations omitted).

In its Opinion, the trial court concisely addressed Sherbaugh's second claim as follows:

> The [trial court] … finds that [Sherbaugh's] argument is based on an unreasonable and somewhat tortured reading of the definition of "vacant" in the [O]rdinance. First, the definition itself is included, along with many others, in Article 2(a) of the [O]rdinance, entitled "Definitions." The drafters of the [O]rdinance thus clearly intended the relevant language to be read as a definition and not as a mandatory presumption.

_____

[1] Even if properly preserved, we would conclude that the claim is without merit based on the reasoning of the trial court. See Trial Court Opinion, 11/28/17, at 2-3.

Second, the definition is clear on its face. A building or structure is vacant if either 1) no person or persons currently conduct a lawfully licensed business there, or 2) no person or persons lawfully reside in or live in any part of the building as the legal or equitable owner(s) or tenant occupant(s) or owner-occupants or tenant(s), on a permanent, non-transient basis. The phrase "shall be deemed to be" clearly does not create a presumption of any kind that would shift the burden of proof to [Sherbaugh]. Rather, the phrase is used in the Ordinance merely as introductory language because the word being defined, "vacant," is an adjective, not a noun. The Commonwealth readily admitted at the hearing that it bore the burden to prove beyond a reasonable doubt that the subject property was vacant. [Sherbaugh] had no burden whatsoever, and the [trial court] did not impose any upon him. The [trial court] simply considered whether the Commonwealth had proven, beyond a reasonable doubt, that [Sherbaugh] did not reside in the subject property on a permanent, non-transient basis. Ample, uncontroverted evidence exists in the record establishing that fact, and the [trial court] accordingly found [Sherbaugh] guilty.

Trial Court Opinion, 11/28/17, at 2-3 (citations omitted). We agree with the trial court's sound rationale and determination, and affirm on this basis in rejecting Sherbaugh's second claim. See id.

We will address Sherbaugh's third and fourth claims together. In his third claim, Sherbaugh alleges that because the definition of "vacant" in the Ordinance is ambiguous, the trial court should have found it void, and instead applied the "ordinary and accepted definition" of "vacant." See Brief for Appellant at 35-36. According to Sherbaugh, under several dictionary definitions of "vacant," the evidence proves that the property was not vacant. See id. at 37.

In his fourth claim, Sherbaugh alleges that because the Ordinance is penal in nature and the language is vague, the trial court should have applied the rule of lenity, and construed the Ordinance in favor of Sherbaugh. Id. at 5-6.

In its Opinion, the trial court concisely addressed Sherbaugh's third and fourth claims as follows:

> [Sherbaugh's] argument [in his third claim] … is wholly derivative of his argument that the Ordinance imposes upon him a conclusive, mandatory presumption, which it does not do. As the [trial court] already has discussed, the term vacant is defined in the Ordinance to include a building in which no person or persons reside on a permanent, non-transient basis. The Ordinance clearly put [Sherbaugh] on notice of his obligations. Further, the [trial court] relied exclusively on the definition of the term "vacant," and not the term "vacant building," in finding [Sherbaugh] guilty. Contrary to [Sherbaugh's] arguments, the Ordinance contains a clear definition of "vacant" that fairly puts him on notice of how he must comply. It is not in any sense vague.
>
> * * *
>
> [Sherbaugh] argues [in his fourth claim] that, because the term "vacant" is not defined by the Ordinance, the [trial court] should have construed the term strictly and against the Commonwealth. As the [trial court] already has discussed, the Ordinance does indeed contain a definition of "vacant" that is sufficiently clear and unambiguous to put [Sherbaugh] on notice of his obligations. The [trial court] applied that definition in finding [Sherbaugh] guilty beyond a reasonable doubt. No construction of the term was necessary.

Trial Court Opinion, 11/28/17, at 2-3 (citations and italics omitted). We agree with the trial court's sound rationale and determination, and affirm on this

basis in rejecting Sherbaugh's third and fourth claims, see id., with the following addendum.

> Ordinances are presumed to be constitutional, and a heavy burden is placed on a person who challenges the constitutionality of an ordinance. An ordinance is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by the law. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. An enactment will not be deemed unconstitutionally vague if the terms, when read in context, are sufficiently specific that they are not subject to arbitrary and discriminatory application. As generally stated, the void for vagueness doctrine requires that a penal enactment must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

Commonwealth v. Asamoah, 809 A.2d 943, 945-46 (Pa. Super. 2002) (citations and quotation marks omitted).

Here, the Ordinance defines "vacant" as a building that "no person or persons currently conducts a lawfully licensed business [in], or lawfully resides in or lives in any part of the building as the legal or equitable owner(s) or tenant occupant(s) or owner-occupants or tenant(s), on a permanent non-transient basis." Apollo Borough Ordinance No. 272-16, at 4 (pages unnumbered). A person of ordinary intelligence would be able to conclude that for a building to be deemed not vacant, someone must live or conduct business in the building on a permanent basis. See Asamoah, 809 A.2d at 945-46. Thus, the Ordinance is not unconstitutionally vague.

Accordingly, none of Sherbaugh's claims entitle him to relief, and the trial court properly found him guilty of the summary offense.[2]

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2018

_____

[2] We note that Sherbaugh presented evidence that he maintained the property and spent some time inhabiting the property. However, in order to avoid prosecution under the Ordinance, Sherbaugh must have lived in the home on a "permanent non-transient basis." Sherbaugh did not present evidence that he lived in the home. Although we sympathize with Sherbaugh, the plain language of the Ordinance constrains our holding.