J-A15014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN JEFFREY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1895 MDA 2017 |

Appeal from the Judgment of Sentence November 7, 2017
In the Court of Common Pleas of Fulton County
Criminal Division at No(s):  CP-29-SA-0000012-2017

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 07, 2019**

Stephen Jeffrey Johnson appeals from the judgment of sentence entered in the Fulton County Court of Common Pleas following his summary conviction for violating 18 Pa.C.S.A. § 5507, obstructing highways. We affirm.

On December 31, 2016, Johnson was cited for obstructing highways. Following a summary appeal, the case proceeded to a bench trial at which the Commonwealth presented the testimony of Pennsylvania State Trooper Craig Strait and Jack D. Fields, the secretary for the borough of McConnellsburg. Johnson testified on his own behalf.

At approximately 10:20 a.m. on December 31, 2016, Trooper Strait was dispatched to the 300 block of North Third Street in the Borough of McConnellsburg to investigate a report that Johnson's pick-up truck was blocking a public alley. Trooper Strait was familiar with the location as police had been called numerous times for similar complaints involving Johnson's

vehicle. Upon his arrival at 10:30 a.m., Trooper Strait observed Johnson's vehicle parked in the alley, not running. Further, Trooper Strait saw no evidence that the vehicle was in the process of being loaded or unloaded. After making contact with Johnson and another individual, Donald Truax, at the scene, Trooper Strait issued Johnson a citation for obstructing highways.

Borough Secretary Fields testified that he is the only employee of McConnellsburg Borough, and as such, is uniquely familiar with the Borough Code. As Fields explained, in order for someone to lawfully block an alley, they must "appear before the cou[cil] and ask for permission. Then the [M]ayor had the ability to, through borough coun[cil], to issue a permit to do that." Notes of Testimony, Summary Appeal, 11/7/17, at 13. Fields noted that although Johnson was given permission by the Borough Council to immediately "load and unload" in the alley, he had not been issued a permit to block the alley in question.

Finally, Johnson testified that he pulled his truck into the alley at 10 a.m. to load items into the truck. After approximately five minutes, Truax pulled his own vehicle into the alley behind Johnson's vehicle and demanded Johnson move his truck. Johnson testified that he had ten to fifteen previous run-ins with Truax over parking his vehicle in the alley. Instead of moving his vehicle as requested, Johnson decided to retreat to his home and call the police. Further, Johnson testified that he did not emerge from his home until the police arrived twenty minutes later.

Following this testimony, the trial court found Johnson guilty of obstructing highways as a summary offense.[1] This timely appeal follows.

On appeal, Johnson presents the following question for our review:

> Did the [t]rial [c]ourt err as a matter of law when it found that [Johnson] committed a violation of 18 Pa.C.S.[A.] when [Johnson] was given permission by the borough code 509.01 to obstruct public streets for the purpose of immediate loading and unloading and the court applied an arbitrary time limit of how long such unloading should take, while ignoring evidence that [Johnson's] loading and unloading was delayed by an individual threatening [Johnson] in a way that caused [Johnson] to retreat to his house and call the police.

Appellants' Brief, at 7.

Preliminarily, we address the Commonwealth's claim that Johnson's appeal should be dismissed for failure to prepare or file a reproduced record. **See** Commonwealth's Brief, at 4-5; **see also** Pa.R.A.P. 2154(a) (requiring appellants file a reproduced record within thirty days of filing appellate brief). In support of its argument, the Commonwealth highlights Rule 2188 of the Pennsylvania Rules of Appellate Procedure which provides that "an appellee may move for dismissal of the matter" upon failure of the appellant to file the designation of the reproduced record. **See** Pa.R.A.P. 2188. However, the Commonwealth fails to recognize that Rule 2188 requires the appellee *move* for dismissal; an official motion is required for this Court to consider dismissing

---

[1] As the magisterial district judge had not imposed any penalties beyond the finding of guilt, the trial court decided not to impose additional penalties upon its own finding of guilt. **See** Trial Court Opinion, 1/24/18, at 2 n. 2.

an appeal for this reason. ***See*** Pa.R.A.P. 123(a) (stating procedure for a party to move for dismissal is by filing an application for relief); Pa.R.A.P. 1972 (providing that motions to dismiss or quash appeals are subject to Rule 123). The Commonwealth failed to file an application for relief. Thus, it would be improper to dismiss his appeal pursuant to Pa.R.A.P. 2188. ***See Commonwealth v. Sohnleitner***, 884 A.2d 307, 312-313 (Pa. Super. 2005).

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002) (citation omitted). "[W]e may not disturb the credibility determinations of the trial court on review. Thus, we must solely limit our review to a consideration of the elements of the statute and the evidence presented." ***Commonwealth v. Askins***, 761 A.2d 601, 603 (Pa. Super. 2000).

Through his appellate brief,[2] Johnson challenges the trial court's interpretation of section 509.9 of the McConnellsburg Borough Code and its application of section 509.9 to the obstructing highways statute. ***See*** Appellant's Brief, at 15-16. We interpret municipal codes in the same manner

---

[2] Johnson's issue on appeal seems to suggest a challenge to the sufficiency and weight of the evidence underlying his conviction. However, Johnson does not pursue these challenges in the argument section of his brief. Therefore, we will not consider them.

we interpret statutes. *See City of Philadelphia v. City of Philadelphia Tax Review Board ex rel Keystone Health Plan East, Inc.*, 132 A.3d 946, 952 (Pa. 2015). When interpreting a statute or code, our primary goal is "to ascertain the intent of the enacting entity[.]" *Id*. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Additionally, we construe every statute "if possible, to give effect to all its provisions." *Id*. § 1921(a).

The statute prohibiting the obstruction of a highway provides:

> § 5507. Obstructing highways and other public passages
>
> (a) Obstructing.- A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree….
>
> (c) Definition. – As used in this section, the word "obstructs" means renders impassable without unreasonable inconvenience or hazard.

18 Pa.C.S.A. § 5507. Meanwhile, section 509.01 of the Borough Code of McConnellsburg states:

> (a)   No person shall obstruct the public streets, alley, or sidewalk within the borough by coal, wood, boxes or automobiles or any other means whatsoever, except for the purpose of immediately loading or unloading, or for the purpose of building and construction and then only after application had been made to the mayor and the permit authorizes the same has been granted.

- 5 -

>    (b)    Whoever violates any of the provisions of this section shall be guilty of maintaining a public nuisance which may be abated in any manner provided by law.

McConnellsburg Borough Code § 509.01.

Johnson argues that section 509.01(a) of the Borough Code provides individuals "immediately loading and unloading" their vehicles with the "legal privilege," described in section 5507, to obstruct a highway. As the trial court found that section 509.01(a) did not provide Johnson with the "legal privilege" to obstruct the alley, Johnson contends the trial court misinterpreted the Borough Code, and therefore, erred as a matter of law in convicting him of obstructing highways.

Ultimately, Johnson's faulty logic dispenses with our need to analyze the trial court's interpretation of the Borough Code. Johnson's argument relies upon a finding that he was "immediately loading and unloading" his vehicle when he received the obstructing highways citation. However, the trial court specifically found that Johnson was *not* in the process of immediately loading or unloading when the troopers issued Johnson the citation. **See** Trial Court Opinion, 1/24/18, at 7 (finding Johnson's activities for the preceding half-hour did not constitute "immediate loading or unloading"). Our review of the record supports this conclusion. As Johnson's argument that he had the legal privilege to block the alley hinges on the condition that he was *actually* loading and unloading his vehicle when issued the citation, the trial court's finding otherwise defeats Johnson's sole argument on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/07/2019</u>