J-S84029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE WILLIAMS | |
| Appellant | No. 2127 EDA 2015 |

Appeal from the Judgment of Sentence Dated June 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003698-2015

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:              **FILED FEBRUARY 10, 2017**

Appellant, Andre Williams, appeals from the order of the Court of Common Pleas of Philadelphia dismissing his appeal for a trial *de novo*, and reinstating the judgment of sentence imposed by the Municipal Court of Philadelphia.[1]  We affirm.

The Court of Common Pleas summarized the procedural history of this case as follows:

> On April 8, 2015, the matter of the Commonwealth of Pennsylvania versus [Appellant] was heard in the Municipal Court of Philadelphia . . . on the charges of possession of an

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant has another appeal, at No. 2266 EDA 2015, in which he raises this same issue with respect to a similar disposition at a different Court of Common Pleas docket number, CP-51-CR-0003979-2015.

instrument of crime and terroristic threats. That court found [Appellant] guilty of terroristic threats, and imposed a sentence of six (6) to twelve (12) months of incarceration with immediate parole after six (6) months followed by twelve (12) months of reporting probation. [Appellant] filed a Notice of Appeal for a trial *de novo* before the Court of Common Pleas that same day.

On April 30, 2015, [Appellant] was scheduled to appear before this court for his Formal Arraignment. On that date, [Appellant] failed to appear and this court issued a subpoena instructing [him] to return to this court for trial on June 17, 2015 at 9:00 a.m. Defense attorney Michael Sanuck accepted service on behalf of [Appellant].

On June 17, 2015, [Appellant] failed to appear for trial. At approximately 11:04 a.m., the court dismissed the appeal pursuant to Pennsylvania Rule of Criminal Procedure 1010(B), adjudicated [Appellant] guilty and reinstated the Municipal Court sentence of six (6) to twelve (12) months of incarceration with immediate parole after six (6) months followed by twelve (12) months of reporting probation. A bench warrant was issued that same day and later lifted by the Honorable Harvey W. Robbins in Municipal Court. [Appellant] filed a timely Notice of Appeal. After receiving the notes of testimony of the June 17, 2015 hearing as ordered by [Appellant], a timely Statement of Errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) was filed.

Trial Court Opinion, 12/16/15, at 1-2.

On appeal, Appellant presents a single issue for our review:

Did not the Court of Common Pleas violate [Appellant's] constitutional right to a jury trial in dismissing [his] trial *de novo* and reinstating his Municipal Court conviction and judgment of sentence, insofar as [Appellant] had never waived his right to a jury trial for those offenses?

Appellant's Brief at 3.

Our standard of review is whether the trial court abused its discretion or committed an error of law, and whether competent evidence supports the

trial court's findings.  *See Commonwealth v. Askins*, 761 A.2d 601, 603 (Pa. Super. 2000), *appeal dismissed as improvidently granted*, 782 A.2d 508 (Pa. 2001).  "An abuse of discretion is not a mere error in judgment, but rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law."  *Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa. Super. 2015) (citations omitted), *appeal denied*, 124 A.3d 308 (Pa. 2015).

Appellant argues that he had a constitutional right to a jury trial which he never waived.  Appellant's Brief at 5.  He asserts that "[m]erely failing to appear for court on one day does not waive or forfeit that right, particularly where other remedies are available."  *Id.*  He also maintains that "[i]nsofar as the judge's actions were purportedly authorized by Pa.R.Crim.P. 1010(B), that rule of criminal procedure cannot trump the Constitutions of the United States and Pennsylvania."  *Id.* at 5-6.  We disagree.

As the Commonwealth correctly observes, Appellant waived this argument because he "was represented by counsel throughout the proceedings below and there is nothing in the record to indicate that he requested a jury trial *in absentia* or objected when the court did not provide one."  Commonwealth Brief at 6, citing Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and may not be raised for the first time on appeal).  Appellant's assertion of a constitutional right does not change this result.  *See, e.g., Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super.

2013) (finding appellant's constitutional challenges waived for failure to raise them before the trial court).

Even in the absence of waiver, Appellant's claim is without merit. Pennsylvania Rule of Criminal Procedure 1010(B), governing Philadelphia Municipal Court procedures, states:

> If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge.

Pa.R.Crim.P. 1010(B). ***See Commonwealth v. Akinsanmi***, 55 A.3d 539, 540-541 (Pa. Super. 2012) (when a defendant fails to appear for a summary appeal and does not provide good cause, dismissal of the appeal is proper). The comment to Rule 1010(B) explains:

> Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the Common Pleas Court judge must enter judgment and order execution of any sentence imposed by the Municipal Court judge. Nothing in this rule is intended to preclude the judge from issuing a bench warrant when the defendant fails to appear.

***Id.***, cmt.[2] Because Appellant failed to appear for his summary appeal and offered no reason for his failure to do so, the trial court acted properly in applying Rule 1010(B), and we affirm its decision.

_____

[2] Pennsylvania Rule of Criminal Procedure 462 applies to trials *de novo* in all counties outside of Philadelphia. It similarly provides that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in
*(Footnote Continued Next Page)*

The Honorable Vincent N. Melchiorre, sitting as the trial court, has authored a comprehensive opinion which expands upon the facts and law discussed above, in determining that Appellant is not entitled to relief. Judge Melchiorre cites prevailing legal authority, and notes that Appellant, "at no time" provided the trial court "with an excuse for not appearing on June 17, 2015[]."  Trial Court Opinion, 12/16/15, at 6 n.3.  We adopt and incorporate the trial court's opinion in disposing of this appeal.  The parties shall attach a copy of the trial court's December 16, 2015 opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2017

---

*(Footnote Continued)* ─────────────

the court of common pleas on the judgment of the issuing authority."
Pa.R.Crim.P. 462(D).

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0003698-2015 |
| | : | |
| vs. | : | |
| | : | |
| | : | SUPERIOR COURT |
| ANDRE WILLIAMS | : | NO. 2127 EDA 2015 |

FILED

DEC 1 6 2015

Criminal Appeals Unit
First Judicial District of PA

OPINION

MELCHIORRE, J.                                          DECEMBER 16, 2015

## I.      FACTS and PROCEDURAL HISTORY

On April 8, 2015, the matter of the Commonwealth of Pennsylvania versus Andre

Williams was heard in the Municipal Court of Philadelphia before the Honorable Marvin L.

Williams, Sr., on the charges of possession of an instrument of crime[1] and terroristic threats.[2]

That court found the Defendant guilty of and terroristic threats, and imposed a sentence of six (6)

to twelve (12) months of incarceration with immediate parole after six (6) months followed by

twelve (12) months of reporting probation. The Defendant filed a Notice of Appeal for a trial *de*

*novo* before the Court of Common Pleas that same day.

On April 30, 2015, the Defendant was scheduled to appear before this court for his

Formal Arraignment. On that date, the Defendant failed to appear and this court issued a

---

[1] 18 Pa. C.S.A. § 907

[2] 18 Pa. C.S.A. § 2706

subpoena instructing the Defendant to return to this court for trial on June 17, 2015 at 9:00am. Defense attorney Michael Sanuck accepted service on behalf of the Defendant.

On June 17, 2015, the Defendant failed to appear for trial. At approximately 11:04 a.m., this court dismissed the appeal pursuant to Pennsylvania Rule of Criminal Procedure 1010(B), adjudicated the Defendant guilty and reinstated the Municipal Court sentence of six (6) to twelve (12) months of incarceration with immediate parole after six (6) months followed by twelve (12) months of reporting probation. A bench warrant was issued that same day and later lifted by the Honorable Harvey W. Robbins in Municipal Court. The Defendant filed a timely Notice of Appeal. After receiving the notes of testimony of the June 17, 2015 hearing as ordered by the Defendant, a timely Statement of Errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) was filed.

## II.    ISSUES ON APPEAL

The Defendant raises the following issues verbatim on appeal:

a.    The quashing of defendant's trial in the Court of Common Pleas, reinstating the Municipal Court conviction and sentence, violated the defendant's Pennsylvania and Federal Constitutional right to a jury trial. The defendant at no time waived this right, and the Municipal Court conviction was obtained without a jury or the opportunity to demand a jury. Insofar as Pa. R. Crim. P. 1010(B) allows a trial *de novo*, to be quashed under these circumstances, the rule is unconstitutional.

b.    The trial court erred in quashing the trial *de novo*, insofar as there was no evidence of a willful failure to appear in court.

2

## III. DISCUSSION

The Superior Court's standard of review is limited to whether the trial court abused its discretion or committed an error of law and whether the findings of the trial court are supported by competent evidence. *See* Commonwealth v. Askins, 761 A.2d 601, 603 (Pa. Super. 2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. Id. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." Commonwealth v. Diamond, 945 A.2d 252, 258 (Pa. Super. 2008) (citation omitted). Rule 1010(B) is located in Chapter 10 of the Pennsylvania Rules of Criminal Procedure, which governs all proceedings in the Philadelphia Municipal Courts. *See* Pa.R.Crim.P. 1000, *cmt.* Rule 1010(B) provides: "[i]f the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge."

In the instant case, the Defendant argues that the quashing of his trial in the Court of Common Pleas and reinstating the Municipal Court conviction and sentence violated his Constitutional right to a jury trial. He further argues that at no time did he waive this right, and the Municipal Court conviction was obtained without a jury or the opportunity to demand a jury thereby violating his constitutional rights. This argument fails.

The right to a trial is a fundamental guarantee of both the United States Constitution and the Pennsylvania Constitution. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."

3

U.S. Const. Art. 6. Similarly, our Pennsylvania Constitution states: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." Pa. Const. Art. 1, §6.

In Philadelphia, misdemeanor charges are initially prosecuted in Municipal Court. 42 Pa. C.S. §1123(a)(2). Terroristic Threats is a misdemeanor offense which can be punished by a term of imprisonment up to five years. *See* 18 Pa. C.S.A. § 2706, 18 Pa. C.S.A. §106(b)(6). Therefore, initial jurisdiction of Defendant's case was vested only in the Philadelphia Municipal Court.

No jury trials are conducted in Philadelphia Municipal Court. 42 Pa. C.S.A. § 1123(a)(2) (In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court). In order to preserve the constitutional right to a jury trial, the Commonwealth provides that, after conviction in Municipal Court, a defendant "shall have the right of appeal for trial *de novo*, including the right of trial by jury, to the court of common pleas." 42 Pa. C.S.A. § 1123(a)(2). *See also*, Schedule to Art. V of Pa. Const., §16(r)(iii) (In Municipal Court cases, the defendant shall have no right of trial by jury in that court, but he shall have the right of appeal from trial *de novo* including the right to trial by jury to the trial division of the court of common pleas.). Therefore, there was no error in the Municipal Court conviction being obtained without a jury or the opportunity to demand a jury as suggested by the Defendant.

There is no question, that Defendant was entitled to a new trial in the Philadelphia Court of Common Pleas, including a trial by a jury of his peers. However, he waived that right when he failed to appear for the June 17, 2015 *de novo* hearing. Having determined that the Defendant failed to appear for his trial *de novo*, this court dismissed the Defendant's appeal and entered judgment consistent with the Municipal Court judgment. This adjudication complied with the

clear and unambiguous dictates of Rule 1010(B). Thus, this court finds that Defendant's argument lacks merit.

The second part of Defendant's argument claims that "Insofar as Pa. R. Crim. P. 1010(B) allows a trial *de novo* to be quashed under these circumstances, the rule is unconstitutional." After extensive searching, this court is not aware of any legislation that supersedes Rule 1010(B) or any case law that challenges its constitutionality. As such, this court will not engage in a belabored discussion of the due process clause or the right to a jury trial in response to a Statement of Errors that raises these issues without any particularity.

Lastly, Defendant argues that this court erred in quashing the trial *de novo* because there was no evidence of a willful failure to appear in court. This argument must also fail.

When a defendant appeals a Municipal Court conviction and fails to appear for his trial *de novo*, the trial court may dismiss the appeal, and thereafter, enter judgment in a manner consistent with the Municipal Court judgment. Pa. R. Crim. P. 1010(B). The trial court may dismiss an appeal when "the judge determines that the defendant is absent without cause" from the trial *de novo*. Pa. R. Crim. P. 1010 cmt. What's more, when a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried and sentenced in absentia. Commonwealth v. Sullens, 619 A.2d 1349, 1352 (Pa. 1992) (stating that a contrary rule would allow an accused at large upon bail to immobilize the commencement of trial and frustrate an overtaxed judicial system until the trial date meets with her pleasure and convenience); Commonwealth v. Bond, 670 A.2d 678, 679 (holding that a defendant who leaves the courtroom voluntarily and without cause prior to sentencing may be sentenced in absentia). The decision to proceed in absentia remains within the discretion of this Court. Commonwealth v. Wilson, 712 A.2d 735, 739 (Pa. 1998) (holding that when a defendant voluntarily absents himself from the

5

trial proceedings without cause, he has waived his right to be present, and the trial court retains discretion to continue without delay). Absent a manifest abuse of injustice, the reviewing court should not disturb this court's adjudication of the matter. Commonwealth v. Parks, 768 A.2d 1168 (Pa. Super. 2001) (stating the standard of review).

In the matter *sub judice*, the Defendant failed to appear for his trial *de novo* under the plain meaning of Rule 1010(B) because he was not present in the courtroom when his case was called. As previously stated, the record reflects that on April 30, 2015, the Defendant was scheduled to appear before this court for a formal arraignment. On that date, he failed to appear and this court issued a subpoena instructing the Defendant to return to this court for trial on June 17, 2015 at 9:00am. Defense attorney Michael Sanuck accepted service on behalf of the Defendant. And while not reflected on the record, this court is aware that the Public Defenders' Office (or defense attorneys in general) does not accept service for a defendant that they are not in contact with.

Additionally, on June 15, 2015, this court received an advanced defense request from the Public Defender because of missing discovery. On June 17th, this court marked its' trial sheets reflecting the advance defense request and holding the matter open for the Defendant's arrival. Approximately two hours later, at 11:04 a.m., the Defendant still had not appeared and no representations were made by counsel as to why the Defendant was not present.[3] This court dismissed the appeal pursuant to Pennsylvania Rule of Criminal Procedure 1010(B), adjudicated the Defendant guilty and reinstated the Municipal Court sentence.[4]

---

[3] At no time has the Defendant given this court an excuse for not appearing on June 17, 2015; there has been no claim of a serious accident, illness, natural disaster, or unforeseen circumstance that was out of his control.

[4] Paragraph (B) of Rule 1010 makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent without cause from the trial de novo. Pa. R. Crim. P. Rule 1010(b). cmt. *See also* Commonwealth v. Akinsanmi, 55 A.3d 539, 540-41 (Pa. Super. 2012) (noting "[w]hen a

6

This court found that the Defendant had failed to appear within the meaning of Rule 1010(B). Determined to continue without delay - and following the methodology that Rule 1010(B) requires - this court dismissed the appeal and entered judgment consistent with the Municipal Court judgment. Clearly, this does not constitute a manifest abuse of discretion, and the Defendant's argument lacks merit.

## IV. CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial or reversible error and nothing to justify the granting of Defendant's request for relief in this case. For the reasons set forth above, Defendant's judgment of sentence should be affirmed.

BY THE COURT:

_____
VINCENT N. MELCHIORRE, J.

---

defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. Conversely, when good cause for the absence is shown, a new trial should be granted.") (citations omitted).